NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE RAMIREZ, an individual, by and through his Attorney-in-Fact, RAUL ORTIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSA ISABEL RAMIREZ MOTA, et al.,<br><br>　　　　　Defendants. | CASE NO.  CV 15-2950-R-PLA<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

　　　Before the Court is Plaintiff's Motion to Remand, which was filed on May 15, 2015. (Dkt. No. 7).  Having been thoroughly briefed by both parties, this Court took the matter under submission on June 9, 2015.  (Dkt No. 10).

　　　This action arises from Plaintiff Enrique Ramirez's purchase of real property in California. (the "Subject Properties").  Plaintiff, was incarcerated in 2001. (Dkt. No. 1, at Ex. I).  After his sentence concluded in 2013, Plaintiff was immediately deported to Mexico and prohibited from reentering the U.S.  *Id.*  On March 5, 2015, Plaintiff filed suit in California State Court, alleging conversion, intentional interference with contractual relations, and unjust enrichment. (Dkt No. 1).  Plaintiff alleges that since his conviction in 2001, Defendants have unlawfully collected the rent at the Subject Properties, depriving Plaintiff of income.  *Id.*  On April 21, 2015, two of the seven Defendants removed this action under diversity jurisdiction.  (Dkt No. 1).  On May 15,

2015, Plaintiff moved to remand the action to state court for procedural error in removal and for lack of subject matter jurisdiction. (Dkt No. 7).

There are two grounds for federal subject matter jurisdiction: (1) federal question jurisdiction under Title 28 U.S.C. § 1331; and (2) diversity jurisdiction under Title 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1331.

A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Title 28 U.S.C. § 1332 (a)(1)-(2). For diversity purposes, residency is determined by the domicile of the party at the time the suit is commenced. The Requirement and Meaning of Citizenship—Determination of a Person's Domicile, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.).

Removal pursuant to diversity jurisdiction does not require consent from all defendants. Title 28 U.S.C. § 1332. District courts have original jurisdiction in cases that meet the diversity requirements, and therefore have subject matter jurisdiction over them. *Id*.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. Title 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*. Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*.

That the amount in controversy exceeds $75,000 is not disputed. Rather, Plaintiff contends that the instant action should be remanded because: (1) Defendant has failed to meet the requirements for diversity jurisdiction under Section 1332; (2) all properly joined and served Defendants did not join or consent to removal of the case; and (3) the district court lacks subject matter jurisdiction.

Here, all Defendants are residents of the State of California. However, because Plaintiff

2

was deported to Mexico and prohibited from returning to the U.S. two years prior to commencement of the suit, he is the subject of a foreign state for diversity purposes in this action. (*See* Dkt No. 1, at Ex. I).  Therefore, Plaintiff and Defendants are completely diverse as required by Section 1332(a)(2).

Because the Defendants are residents of California, the Plaintiff is a subject of a foreign state, and the amount in controversy is not in dispute as above the $75,000 minimum, diversity jurisdiction exists.  Plaintiff's remaining arguments are unpersuasive as diversity jurisdiction does not require the consent of all Defendants for removal to be proper and because federal courts have original jurisdiction in cases that meet the diversity requirements, and therefore have subject matter jurisdiction over them.  *See* Title 28 U.S.C. § 1332.  Accordingly, removal was proper here.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED.  (Dkt No. 7) Dated: June 16, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE